NB:TMS
F.# 2010R01472

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X   10-913M 

UNITED STATES OF AMERICA

   - against -

NEIL RICH,

        Defendant.

- - - - - - - - - - - - - - - -X

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(Title 21, U.S.C.,
§ 841(a)(1))

      MICHAEL P. HEFFERNAN, being duly sworn, deposes and says, that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), being appointed according to law and acting as such.

      On or about and between June 9, 2010 and August 3, 2010, within the Eastern District of New York, the defendant NEIL RICH did knowingly and intentionally posses with intent to distribute a substance containing cocaine base, a Schedule II narcotic drug controlled substance, in violation of Section 841(a)(1) of Title 21 of the United States Code.

      (Title 21, United States Code, Section 841(a)(1).

      The source of my information and the grounds for my belief are as follows:

I.  INTRODUCTION

    1.  I have been a Special Agent with the FBI since October of 2008. In the course of my tenure with the FBI, I have been involved in numerous narcotics investigations and prosecutions. In the course of those and other investigations, I have conducted physical surveillance, supervised or participated in undercover transactions, executed search warrants, debriefed cooperating defendants and confidential informants, reviewed taped conversations and narcotics records, and secured other relevant information using other investigative techniques.

    2.  I have personally participated in the investigation of the offenses discussed below. I am familiar with the facts and circumstances of this investigation from: (a) my personal participation in this investigation, (b) reports made to me by other law enforcement authorities, (c) information obtained from confidential sources of information, and (d) physical surveillance conducted by the FBI and reports of physical surveillance conducted by others.

    3.  Except as explicitly set forth below, I have not distinguished in this affidavit between facts of which I have personal knowledge and facts of which I have hearsay knowledge. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the arrest of the above-specified defendant, I have not set forth each and every fact

learned during the course of this investigation. Instead, I have set forth only those facts which I believe are necessary to establish probable cause for this arrest.

4. Since October 2009, myself and other members of the FBI and members of the Nassau County Police Department ("NCPD"), have been investigating a narcotics trafficking network operating in Queens, Nassau and Suffolk Counties. Based on our investigation to date, the defendant NEIL RICH is engaged in the sale of cocaine base.

II. THE INVESTIGATION

A. June 9, 2010 Cocaine Base Transaction

5. On June 9, 2010, a confidential informant ("CI"),[1] acting under the direction of members of the NCPD, purchased cocaine base from NEIL RICH in front of 56 Gordon Avenue, Medford, New York.[2] This transaction was recorded using audio and video technology and was monitored by law enforcement.

6. Specifically, on June 9, 2010, the CI placed a consensually recorded telephone call to RICH. RICH directed the

---

[1] The CI is receiving monetary benefit for his/her cooperation and has been working with law enforcement for approximately 4 years. While the CI has a criminal record, the CI has testified before state grand jury proceedings, and has proven to be reliable based on conversations with fellow state and federal/task force law enforcement officers.

[2] Prior to this meeting, and every meeting referred to herein, the CI was searched by law enforcement officers for illegal contraband and money. Moreover, after each meeting the CI was searched a second time.

CI to meet him at his residence. The CI proceeded to 56 Gordon Avenue, Medford, New York. RICH exited the home located at 56 Gordon Avenue, approached the CI's vehicle, and the CI handed RICH $200.00. RICH handed the CI ten clear plastic bags containing a whitish rocky substance.

7. After the transaction, the CI exited the area and met with law enforcement officers at a predetermined location. At that time, the CI provided officers with the cocaine base purchased from RICH. The substance in the plastic bags later tested positive for the presence of approximately 2 grams of cocaine base.

B. June 11, 2010 Cocaine Base Transaction

8. On June 11, 2010, a CI, acting under the direction of members of the NCPD, purchased cocaine base from NEIL RICH in front of 56 Gordon Avenue, Medford, New York. This transaction was recorded using audio and video technology and was monitored by law enforcement.

9. Specifically, the CI placed a consensually recorded telephone call to RICH to arrange the purchase of cocaine base. The CI proceeded to 56 Gordon Avenue, Medford, New York. RICH exited the home located at 56 Gordon Avenue, approached the CI's vehicle, the CI handed RICH $100.00, and RICH handed the CI a clear plastic bag containing a whitish rocky substance.

10. After the transaction, the CI exited the area and met with law enforcement officers at a predetermined location. At that time, the CI provided officers with the cocaine base purchased from RICH. The substance in the plastic bag later tested positive for the presence of approximately 0.7 grams of cocaine base.

C. <u>June 16, 2010 Cocaine Base Transaction</u>

13. On June 16, 2010, a CI, acting under the direction of members of the FBI and NCPD, purchased cocaine base from NEIL RICH in front of 56 Gordon Avenue, Medford, New York.[3] This transaction was recorded using audio and video technology and was monitored by law enforcement.

14. Specifically, the CI placed a consensually recorded telephone call to RICH to arrange the purchase of cocaine base. After this initial telephone call, the CI proceeded to 56 Gordon Avenue, Medford, New York. As the CI neared 56 Gordon Avenue, RICH called the CI's telephone and said that he was in a taxi cab, directly behind the CI's vehicle. Upon arriving at 56 Gordon Avenue, RICH produced the cocaine base without entering the residence. The CI handed RICH $380.00 and

---

[3] Prior to this meeting, and every meeting referred to herein, the CI was searched by law enforcement officers for illegal contraband and money. Moreover, after each meeting the CI was searched a second time.

5

RICH handed the CI a clear plastic bag containing a whitish rocky substance.

15. After the transaction, the CI exited the area and met with law enforcement officers at a predetermined location. At that time, the CI provided officers with the cocaine base purchased from RICH. The substance in the plastic bag later tested positive for the presence of approximately 4.6 grams of cocaine base.

D. June 23, 2010 Cocaine Base Transaction

16. On June 23, 2010, a CI, acting under the direction of members of the FBI and NCPD, purchased cocaine base from NEIL RICH in front of 56 Gordon Avenue, Medford, New York.[4] This transaction was recorded using audio and video technology and was monitored by law enforcement.

17. Specifically, the CI placed consensually recorded telephone calls to RICH to arrange the purchase of cocaine base. After these telephone calls and at the direction of RICH, the CI proceeded to the intersection of Route 112 and Granny Road, Medford, New York. The CI agreed to pick up RICH at a gas station located at the aforementioned intersection. When the CI arrived at the gas station, the CI was met by RICH and an

---

[4] Prior to this meeting, and every meeting referred to herein, the CI was searched by law enforcement officers for illegal contraband and money. Moreover, after each meeting the CI was searched a second time.

unidentified black male (FNU LNU). Both RICH and FNU LNU entered the CI's vehicle, and the CI drove them to 56 Gordon Avenue. Upon arriving in the vicinity of 56 Gordon Avenue, FNU LNU exited the CI's vehicle to retrieve the cocaine base. A short time later, FNU LNU returned and produced a clear plastic bag containing the a whitish rocky substance. The CI indicated that he/she was not happy with the weight and asked for a larger quantity. After the CI made this comment, RICH entered 56 Gordon Avenue and returned with a second clear plastic bag containing a whitish rocky substance and handed it to the CI. The CI paid RICH $420.00 for both bags of cocaine base.

18. After the transaction, the CI exited the area and met with law enforcement officers at a predetermined location. At that time, the CI provided officers with the cocaine base purchased from RICH. The substance in the plastic bag later tested positive for the presence of approximately 4.4 grams of cocaine base.

E. <u>July 20, 2010 Cocaine Base Transaction</u>

19. On July 20, 2010, a CI, acting under the direction of members of the FBI and NCPD, purchased cocaine base from NEIL RICH in the vicinity of 476 South Ocean Avenue, Patchogue, New York. This transaction was recorded using audio and video technology and was monitored by law enforcement.

20. Specifically, on July 20, 2010 the CI placed consensually recorded telephone calls to RICH to arrange the purchase of cocaine base. After these telephone calls and at the direction of RICH, the CI proceeded to the vicinity of 476 South Ocean Ave, Patchogue, New York. Upon arriving at the aforementioned address, RICH exited from the rear of 476 South Ocean Avenue and entered the CI's vehicle. The CI handed RICH $975.00 and RICH handed the CI a clear plastic bag containing a whitish rocky substance.

21. After the transaction, the CI exited the area and met with law enforcement officers at a predetermined location. At that time, the CI provided officers with the cocaine base purchased from RICH. The substance in the plastic bag later tested positive for the presence of approximately 23.8 grams of cocaine base.

F.   August 3, 2010 Cocaine Base Transaction

22. On August 3, 2010, a CI, acting under the direction of members of the FBI and NCPD, purchased cocaine base from NEIL RICH in the vicinity of Montauk Highway, between Monroe Street and Miller Place, Shirley, New York. This transaction was recorded using audio and video technology and was monitored by law enforcement.

23. Specifically, on August 3, 2010 the CI placed consensually recorded telephone calls to RICH to arrange the purchase of cocaine base and Xanax pills. After these telephone calls and at the direction of RICH, the CI proceeded to the to 476 S. Ocean Avenue, Patchogue, New York, to meet RICH, but RICH called to tell the CI he was not at the location. RICH directed the CI to drive to a Pathmark parking lot located at the intersection of Montauk Highway and William Floyd Parkway in Shirley, New York.

24. Upon the CI's arrival, RICH entered the CI's vehicle and directed the CI to drive east on Montauk Highway to an AutoZone parking lot on Montauk Highway, between Monroe Street, and Miller Place. The CI parked the vehicle in the parking lot. RICH handed the CI two clear plastic bags containing a whitish rock-like substance and what purported to be Xanax pills and the CI handed RICH a paper bag containing $1,100 dollars. RICH then counted the money inside the car, and exited the vehicle.

25. Law enforcement officers met with the CI a short time later at a predetermined location and the CI provided the plastic bags purchased from RICH. The substance in the one plastic bag later tested positive for the presence of

approximately 24.85 grams of cocaine base. The pills in the other plastic bag tested positive for the presence of Alprazolam.

WHEREFORE, your deponent respectfully requests that the defendant NEIL RICH be dealt with according to law.

*[signature]*
Special Agent Michael P. Heffernan
Federal Bureau Of Investigation

Sworn to before me this
6th day of August, 2010

*[signature]*
THE HONORABLE MICHAEL L. ORENSTEIN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK